WILLIAM M. McPHERSON *against* HENRY L. BISCOE.

ERROR *to Phillips Circuit Court.*

Where a note reads thus, " Twelve months after I promise to pay H. B., &c., it being the last payment on eight lots I have this day purchased of him, and to which he is to make me good title whenever this note is paid," the omission in the commencement is a patent ambiguity, not to be explained by parol proof. The writing must explain itself.

It will be taken to mean twelve months after date; and it is unnecessary, in the declaration, to aver that such was the meaning, for by setting out the instrument, the fact appears on its face, and is sufficiently alleged.

This was a suit by petition and summons, against McPherson, who demurred to the petition, and for grounds of demurrer assigned:

*First:* That the petition did not follow the form of the statute.

*Second:* That in declaring on the bond sued on, it was neceessary to make averments, which are not here made.

The petition states that Biscoe was the legal owner of a writing obligatory against the defendant by the name of Wm. M. McPherson, to the following effect: " $2200. Twelve months after I promise to pay Henry L. Biscoe two thousand two hundred dollars, with interest at the rate of ten per cent. per annum, from due until paid, it being the last payment on eight lots I have this day purchased of him, and to which the said Biscoe is to make me a good title, whenever this note is paid. Witness, &c. WM. M. McPHERSON, [seal.]"

Yet the debt remains unpaid, therefore the plaintiff demands judgment, &c.

The demurrer being overruled, the defendant made no further defence, and judgment went against him.

PIKE, for plaintiff in error:

We conceive it to be perfectly clear that the demurrer should have been sustained, because upon the face of the writing sued on there is nothing to show when it was payable, or that it was due when suit was commenced. " Twelve months after, I promise to pay," does not

show that the note was then due, or when it was due; nor could the time when it was due appear but by some averment, as, that "*twelve months after*," meant and was intended for "*twelve months after date.*" There is no averment in the petition that the note was due when suit was brought, nor can its being due be inferred from the face of the writing itself. Of course, no cause of action whatever appears in the petition. Take the petition as it is, and it does not appear that the note was due; nor could the court or the jury know by what *data*, even if it were due, to estimate the damages.

It is not necessary to argue the question whether any averment could have been made, so as to have shown a cause of action, in this form of action. No such averment is made, and consequently the demurrer should have been sustained.

ASHLEY & WATKINS, *Contra:*

Neither of the grounds dicloses any sufficient cause of demurrer under the statute; the party demurring has not laid his finger upon the objection, and the grounds alleged are too vague and general to be treated as a special demurrer, either according to the letter or spirit of the statute.

But the court here, according to the decision in the case of *Clark vs. Gibson*, at the last term, will take up the whole record, and give judgment, if so be that sufficient appear, according to the very right and justice of the cause.

Should any question arise as to the necessity of filing a copy of the instrument sued, in addition to that set out in the body of the petition, the same question is dsscussed in other cases now pending before the court. On this subject, wc would refer the court to the case of *Rogers vs. Ellis*, 1 *Bibb* 163, that the failure to insert the clause, "whereby the plaintiff hath become the proprietor thereof," is but matter of form and cannot be taken advantage of in the Court of Appeals, in order to show the liberal and beneficial construction which has been given to a statute, which only differs from our own in not being so broad, for the cheap and convenient prosecution of suits for the enforcement of plain liabilities; as also the question whether such

an objection, if valid, is not more properly the ground of a motion to dismiss, and waived by the subsequent demurrer, which answers to the action.

We apprehend it will not be insisted on by the plaintiff in error, that the making of a good title by Biscoe, is a condition concurrent or dependent upon the payment of the money by McPherson, so as to require an averment of performance, or readiness to perform on the part of Biscoe. The plain intent and meaning of the parties, to be gathered from the writing obligatory itself is, that Biscoe was to make him a good title whenever the note was paid. According to the authorities, no mutual and concurrent condition can be raised upon the face of this obligation, because the promises are not one for the other, or going to the whole consideration on both sides; the consideration of McPherson's obligation was not for the title, but upon the purchase of eight lots, upon which this obligation was not the *only*, but the *last* payment. The consideration was then split up and divided. The defendant had to make more than one payment before Biscoe was to make the title, as this obligation expresses a day certain for the payment of the money, but not for the making of the title. The conditions, if they can properly be termed such, are wholly independent; and for a supposed breach on the part of Biscoe, in not making a title, McPherson must resort to other remedies.

But it is claimed that this judgment should be reversed, because the obligation sued on is informal—because no time of payment is specified. The obligation which the demurrer confesses, reads thus, " Twelve months after, I promise to pay Henry L. Biscoe, &c.," and bears date the 22nd day of March, 1837.

The only question which arises here, according to the decision of this court in the cases from Chicot county, decided at this term, is, whether the instrument sued on, in this case, of itself, affords sufficient internal evidence of an obligation on the part of McPherson to pay Biscoe a certain sum of money? For the statute, taken altogether, amounts simply to this: the petitioner says to the defendant, " I hold your note—you owe me a sum of money—I want it."

The statute of Kentucky authorizes this remedy, by petition and sum-

mons only where the writing is evidence, so directly and unequivocally on its face, of a debt due in money, as that no averment is necessary to show that the plaintiff is entitled to the debt demanded. *Kinkaid vs. Higgins*, 1 *Bibb* 352. And it was accordingly decided that bonds with collateral conditions will not authorize petition and summons; because the plaintiff must set out the whole truly—and the debt is due or not due—as the condition has been broken or not broken—performed or not performed—and that statute admits of no such averments. *Pool, &c., vs. McCaughan*, 6 *Monroe*, 336.

Our statute, however, which authorizes the legal owner or holder of any bond or note, for the payment of any money or property, to sue thereon by petition in debt, is broader than the Kentucky statute, and it seems to me that our statute, which authorizes a suit by petition, for damages upon a property note, must necessarily open the door to averments.

But it can hardly be urged that it was necessary for the petitioner, in this case, to have made any averment, as contemplated by the Kentucky decisions. For the petitioner to have alleged the true time of payment, intended in this instance, would have been rather by inuendo than an averment.

By parity of reasoning, the courts of Kentucky have decided that petition and summons will lie upon a note payable at a particular place; for although a demand may be necessary to put the defendant in default, yet the general breach is sufficient; or in other words, that no averment of presentment was necessary. *Bank of Kentucky vs. Hickey*, 4 *Lit.* 226. So it will lie against a surviving obligor, as an averment of the death of the other is unnecessary. *Moore's ex'rs vs. Gwathmey*, 4 *Bibb* 334.

But does not the instrument sued on, in this case, import an obligation on the part of the plaintiff in error to pay a sum of money, with sufficient certainty, without the necessity of any averment or inuendo as to the time of payment.

A note payable generally is payable on demand. *Whitlock vs. Underwood*, 2 *Barn. and Cres.* 157. The time of payment is part of a contract, and if no time of payment be expressed in a note, the

law adjudges it payable immediately, and parol evidence is inadmissible to show a different time of payment. *Thompson vs. Ketchum*, 8 *J. R.* 189; *Bacon vs. Page*, 1 *Con. Rep.* 404; *Cranmer vs. Harrison*, 2 *McCord's Rep.* 246.

But if the obligation in this case be not due *in presenti*, after the making of it, it will, by reasonable intendment, be construed to mean to be due twelve months after date. The computation of interest, upon the judgment, appears to have been made with this view, and in any event is not for too much, and the plaintiff in error has suffered no injury thereby.

In the case of *Grubb vs. Harris*, 1 *Bibb*, 567, it was decided that a petition and summons will lie on a note for the direct payment of money—executed before the passage of their statute—a decision applicable to the case now before the court, should any such question be raised.

Dickinson, *Judge*, delivered the opinion of the court:

There is a patent ambiguity on the face of the instrument which is incapable of being explained by parol proof. The writing must explain itself. This it certainly does. The terms " twelve months after I promise to pay," surely means twelve months after the date of the instrument, that bears date on the 22nd day of March, 1837, and twelve months thereafter it became due and payable. The bond was given for the purchase of certain lots, and the plaintiff in error was to receive a title whenever the purchase money was paid. The payment of the purchase money was a precedent condition to the execution of the title deed. The terms above quoted, certainly do not mean twelve months after the making of the conveyance, because it is expressly agreed that the purchase money shall be first paid. The parties fixed a time for the payment of the bond—that time is twelve months after its date, and as that time had expired before the institution of the suit, the defendant will be held liable upon his agreement. It is unnecessary to aver separately a substantive fact, which appears upon the face of the instrument itself, for by setting it out the fact itself is sufficiently alleged. The patent ambiguity is explained by the

McPherson *against* Biscoe.

bond, and that which by carelessness and inattention seems to be doubtful, becomes fixed and certain the moment the date of the instrument is inspected.

The judgment of the Circuit Court must therefore be affirmed with costs.